official information from a court official, unmixed with any fault or negligence of their own.

In the first place, when they told the district clerk and opposing counsel to thereafter send notices directly to them, the notice of the setting on the motion for sanctions had already been sent to their counsel of record. Although it would have been laudable for the opposing parties to have given them direct notice of the upcoming hearing on the motion for sanctions, we cannot say their failure to do so constituted "fraud, accident, or a wrongful act."

Secondly, in view of the appellants' failure to make certain that the trial judge was timely furnished an order granting a new trial (containing the recitals he specified), their failure to obtain a new trial was not free from "any fault or negligence of their own." We hold that the appellants' excuse that they were waiting for appellees' counsel to prepare the order does not suffice. The cases denying bill of review because the petitioner was at fault were cases concerning the *rendering* of the prior judgment, but we see no reason why the same rule should not apply when the trial judge has announced his decision to set the judgment aside but is not timely supplied with an order.

Affirmed.

Allen C. Isbell, Houston, for appellant.

Alvin M. Titus, Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

**Ex Parte Perry Como DENBY**

v.

**STATE of Texas.**

**No. 01–81–0308–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 15, 1981.

PER CURIAM.

Petitioner has filed an application for writ of habeas corpus and asks this court to set his bail at ten thousand dollars ($10,-000.00) pending his appeal.

This court has no jurisdiction to grant relief sought in this proceeding. The Courts of Appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only. Tex. Code Crim.Pro.Ann. art. 4.03, as amended.

The Court of Criminal Appeals has the power and authority to grant and issue and cause the issuance of writs of habeas corpus in criminal matters. Tex.Code Crim. Pro.Ann. art. 4.04(1), as amended.

The petition for writ of habeas corpus is denied for want of jurisdiction.