# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00556-CR
## NO. 03-03-00557-CR
## NO. 03-03-00558-CR

**Ex parte Ramona King**

**FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY**
**NOS. 625,703; 628,489 & 628,491, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

## O P I N I O N

In this case, we address the issue of whether the denial of a pretrial motion to suppress evidence is cognizable by writ of habeas corpus. Under the circumstances presented here, we find that it is not and affirm the trial court's order denying habeas corpus relief.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2002, appellant, Ramona King, was stopped for speeding. During the stop, the officer noticed signs of intoxication and conducted field-sobriety tests, which appellant failed. She was then placed under arrest. A search of her purse and gym bag incident to the arrest uncovered 5.2 grams of marihuana and another controlled substance. She was later charged with speeding, driving while intoxicated (DWI), possession of marihuana (POM), and possession of a controlled substance (POCS).

On May 14, 2003 in municipal court appellant filed a motion to suppress evidence alleging a lack of probable cause for the stop in her speeding case. In her motion, King made several global assertions: (1) the evidence was not seized pursuant to a search warrant, exigent circumstances, probable cause or to prevent its destruction; (2) any statements made by King were the products of an illegal detention, arrest, and search and of an illegal custodial interrogation; and (3) the "Terry"[1] search was made without a reasonable suspicion that King posed a threat to her safety or others.

At the hearing on the motion, appellant testified that she had not been speeding and that she had passed the blood alcohol test. None of the officers involved in the stop, arrest, or blood-alcohol testing attended the hearing, and the State presented no other witnesses or evidence to rebut appellant's testimony. The municipal court granted King's motion to suppress, and the State dismissed the speeding ticket.

King then filed a motion to suppress in county court in each of her remaining cases, DWI, POM, and POCS. King moved to suppress the evidence on the same grounds she asserted in her motion in municipal court with the addition of a challenge to the acquisition of the breath sample and to the methodology used to conduct and interpret the field sobriety test. She made no mention of the previous suppression order in her written motion in county court but at a hearing on the motion on August 6, 2003 appellant introduced the municipal court's suppression order, which stated

---

[1] *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (allowing a police officers to make limited search for weapons where officers believe they are dealing with armed and dangerous individual, regardless of whether there is probable cause for arrest).

2

that "the evidence obtained from defendant in the above-styled and numbered cause [the speeding ticket] is hereby ORDERED suppressed." Appellant argued that since the municipal court had established that there was no reasonable suspicion to stop King's vehicle, the State could not introduce any of the evidence seized as a result of that unlawful stop. The State argued that the county court was not bound by the municipal court order. King's motion was denied.

On September 9, 2003, appellant filed an application for a pretrial writ of habeas corpus in each of her cases. She claimed the State was barred from prosecuting her for DWI, POM, and POCS by the Double Jeopardy Clause of the Constitution and its related doctrine of collateral estoppel. The writs issued but relief was denied.

**DISCUSSION**

Habeas corpus is an extraordinary writ used to challenge the legality of one's restraint. Tex. Code Crim. Proc. Ann. art. 11.01 (West 1977). An accused may apply for a pretrial writ of habeas corpus on double jeopardy grounds. *Ex parte Watkins*, 73 S.W.3d 264, 273-74 (Tex. Crim. App. 2002); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). However, a writ of habeas corpus will not lie to challenge a mere evidentiary ruling such as a denial of a suppression motion absent double jeopardy implications. *Headrick*, 988 S.W.2d at 228. The burden of establishing entitlement to habeas corpus relief is upon the writ applicant, and the decision to grant or deny habeas corpus relief is a matter of discretion, which will not be disturbed on appeal unless the trial court acted without reference to any guiding principles. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.—Austin 1998, no pet.).

The Fifth Amendment of the United States Constitution protects an accused from a second prosecution after an acquittal or after a conviction for the same offense and multiple punishments for the same offense. Embodied within the Fifth Amendment's guarantee against double jeopardy is the related doctrine of collateral estoppel. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).[2] As applied within a double-jeopardy framework, collateral estoppel would prohibit the relitigation of an ultimate issue of fact that has been determined by a valid and final judgment. *Id*. An "ultimate issue of fact" is one that is essential to a court's determination of guilt or innocence. *Neaves v. State*, 767 S.W.2d 784, 787 (Tex. Crim. App. 1989). Once determined, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe*, 397 U.S. at 443.

King is challenging the denial of her suppression motion by pretrial writ of habeas corpus. However, unless the application for habeas corpus raises true double jeopardy claims or collateral estoppel claims arising out of violations of the Double Jeopardy Clause, her claim is not cognizable by writ of habeas corpus. *Watkins*, 73 S.W.3d at 274 n.39; *Headrick*, 988 S.W.2d at 228. Texas courts have consistently held that a suppression order is a non-final ruling on a non-essential fact and that jeopardy does not attach in a suppression hearing. *State v. Rodriguez*, 11 S.W.3d 314, 319, 322 (Tex. App.—Eastland 1999, no pet.) (finding that jeopardy does not attach at pretrial suppression hearing); *Alt*, 958 S.W.2d at 951 n.5 (same); *Montalvo v. State*, 846 S.W.2d 133, 137-38

---

[2] As stated in *Ashe*, the writ of habeas corpus is an essential pretrial tool to challenge one's detention on double jeopardy grounds. Were the remedy available only post-conviction, "[t]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined." *Ashe v. Swenson*, 431 U.S. 436, 459 (1970).

4

(Tex. App.—Austin 1993, no pet.) (same). Jeopardy does not attach to an order suppressing evidence because a court may reconsider its decision. *Montalvo*, 846 S.W.2d at 137-38.

King cites *Ex parte Robinson* for the proposition that a writ of habeas corpus is the proper vehicle for challenging the denial of her motion to suppress. In *Robinson*, the accused was charged with aggravated assault and carrying a weapon on a licensed premise. 641 S.W.2d 552, 553 (Tex. Crim. App. [Panel Op.] 1982). The charges were dismissed when a justice of the peace found no probable cause to bind the accused over for the grand jury. *Id*. Subsequently, the State charged him with the same offenses. *Id*. He challenged the legality of his restraint by pretrial writ of habeas corpus "under that doctrine of double jeopardy law known as collateral estoppel." *Id*. The trial court denied his requested relief. *Id*. On appeal, the Texas Court of Criminal Appeals held that an accused in a second proceeding for the same offense had a right to challenge the legality of his second prosecution by pretrial writ of habeas corpus under the Double Jeopardy Clause of the United States Constitution. *Id*. at 554-55 (citing *Abney v. United States*, 431 U.S. 651, 660-61 (1977)). The court went on to find, though, that the accused's claims did not come within the protections provided by the Double Jeopardy Clause. *Id*. at 555. The court said collateral estoppel was inapplicable because the discharge of the accused at the examining trial would not bar a subsequent grand jury indictment, nor was it a final judgment, and the grand jury proceeding was not a "future lawsuit" relitigating an ultimate issue. *Id*. at 555-56.

Such is the case here. Use of Fifth Amendment collateral estoppel requires a post-jeopardy finding of fact common to separate offenses. *Neaves*, 767 S.W.2d at 786. The Texas Court of Criminal Appeals stated it this way:

When is a collateral estoppel claim based on double jeopardy principles? When the State could, but declines to, join two offenses which arise out of a single transaction and a final verdict or specific factual finding favorable to the defendant in the first prosecution would bar relitigation of the same fact in a second proceeding.

*Watkins*, 73 S.W.3d at 273.

A challenge to a denial of a suppression motion does not raise Fifth Amendment Double Jeopardy nor related collateral estoppel concerns. King must show that her claim would operate to protect her against double jeopardy, which necessarily requires that she was previously placed in jeopardy. She was not. Furthermore, a pretrial ruling on a motion to suppress is neither a final judgment nor a determination on an ultimate issue of fact to be given preclusive effect. King is attempting to challenge by writ of habeas corpus an evidentiary issue for which she has an adequate appeal post conviction. *See Headrick*, 988 S.W.2d at 228. Unless the application for habeas corpus raises true double jeopardy claims or collateral estoppel claims arising out of violations of the Double Jeopardy Clause, her claim is not cognizable by writ of habeas corpus.[3]

---

[3] Our holding is that King's claim is not cognizable on writ of habeas corpus—not that we do not have jurisdiction over this appeal. Cognizability and jurisdiction are different issues—the former addressing the use of the writ of habeas corpus and the latter addressing our authority to hear this appeal. We have jurisdiction over this appeal from the denial of the relief sought in King's writ of habeas corpus but find that her claims are not cognizable under the writ. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998). As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express statutory authority. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). An exception exists where a habeas corpus applicant is denied relief based on a claim of double jeopardy. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982). Certain claims, however, may not be proper grounds for habeas corpus relief, that is, they are not cognizable on writ of habeas corpus. *McCullough*, 966 S.W.2d at 531.

## CONCLUSION

Because King's claim for habeas corpus relief does not implicate the constitutional protections afforded under the Double Jeopardy Clause, we affirm the trial court's order.

_____

David Puryear, Justice

Before Justices Kidd, Puryear and Pemberton

Affirmed

Filed:    March 25, 2004

Publish

7