# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00463-CR

## Ex parte Wardell Moore

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 2005R-027-A, HONORABLE DAN R. BECK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wardell Moore is awaiting trial on an indictment accusing him of aggravated assault. Although represented by counsel, he filed a pro se application for writ of habeas corpus alleging that he was unlawfully arrested and the evidence against him was unlawfully seized. He prayed for relief in the form of a dismissal of the indictment with prejudice.

The writ issued and a hearing was held. Moore represented himself at the hearing, although his counsel was present. After hearing evidence regarding the circumstances of Moore's arrest and the seizure of the evidence, the court denied relief. Moore filed a pro se notice of appeal and continues to represent himself before this Court.

An application for writ of habeas corpus should not be entertained when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). It has been held that pretrial habeas corpus cannot be used to challenge the trial court's denial of a motion to suppress evidence. *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969); *see Ex parte King*,

134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd). By analogy to *Conner*, Moore cannot use pretrial habeas corpus as a substitute for a motion to suppress and thereafter pursue an interlocutory appeal of the court's pretrial ruling. If unlawfully seized evidence is introduced at Moore's trial, he has an adequate remedy by appeal.

It has also been held that an unlawful arrest, in itself, does not justify a reversal of a conviction. *Frisbie v. Collins*, 342 U.S. 519, 522 (1952); *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974). It follows that an unlawful arrest, in itself, does not justify the dismissal of a prosecution before trial.

The order denying relief is affirmed.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: December 8, 2005

Do Not Publish