Opinion issued June 29, 2006
 




 
 








In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00425-CR
          01-06-00428-CR
____________

IN RE BRYAN KESSEL, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
          Relator, Bryan Kessell, has filed two petitions for writ of mandamus. Relator
was convicted by a jury of the felony offense of burglary and sentenced to
confinement for 55 years. The Fourteenth Court of Appeals affirmed in part and 
remanded for a new trial on punishment. The Fourteenth Court of Appeals issued a
mandate of affirmance in case number 917988 on July 29, 2005. Relator requests in
his petitions that this Court direct the trial court and the State of Texas to “set aside
the verdict of guilt . . . and hold a new trial as to guilt and innocence and if necessary,
punishment.”



          We may issue all writs of mandamus, agreeable to the principles of law
regulating those writs, against a judge of a district or county court in our district. 
Tex. Gov’t Code Ann. § 22.221(b) (Vernon Supp. 2005). We may also issue writs
of mandamus and all other writs necessary to enforce our jurisdiction. Tex. Gov’t
Code Ann. § 22.221(a) (Vernon Supp. 2005). Mandamus issues only to correct a
clear abuse of discretion or the violation of a duty imposed by law when there is no
other adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
Relator’s request does not fall within our mandamus authority.
           Even if we considered relator’s request as a petition for writ of habeas corpus,
we have neither original habeas corpus jurisdiction in criminal cases, nor post-conviction habeas corpus jurisdiction in felony cases. Dodson v. State, 988 S.W.2d
833, 835 (Tex. App.—San Antonio 1999, no pet.); Ex parte Denby, 627 S.W.2d 435,
435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); Tex. Gov’t Code
Ann. § 22.221 (Vernon Supp. 2005). Therefore, we are without jurisdiction to grant
habeas corpus relief.
          The petition for writ of mandamus is therefore denied. PER CURIAM
Panel consists of Justices Jennings, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).