NUMBER 13-06-390-CR

                         COURT OF APPEALS

               THIRTEENTH DISTRICT OF TEXAS

                  CORPUS CHRISTI - EDINBURG

 

 

 

 

IN RE: 
ROBERT EUGENE VALCIK 

 

 

      Original Proceeding On Petition for Writ of Habeas Corpus

 

 

 

                     MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Castillo and Garza

Memorandum
Opinion by Justice Castillo








Relator, Robert Eugene Valcik, has filed
an original proceeding which we construe as an application seeking
post-conviction habeas relief from a final felony conviction.[1]  This Court has no jurisdiction over such
request.  See Board of Pardons &
Paroles ex rel. Keene v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex.
Crim. App. 1995). 

Analysis

This Court's habeas corpus jurisdiction is
appellate only; we have no jurisdiction to issue writs of habeas corpus in
criminal matters.  Denby v. State,
627 S.W.2d 435, 435 (Tex. App.BHouston [1st Dist.] 1981, original
proceeding).  The power to issue writs of
habeas corpus in criminal matters is expressly reserved to the Court of
Criminal Appeals, the District Courts, the County Courts, and any judge of such
courts.  Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005).  Moreover, the Court of Criminal Appeals has
sole jurisdiction to grant post‑conviction habeas corpus relief from a
final felony conviction.  Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); Keene, 910 S.W.2d at 483.   Thus, we have neither original habeas corpus
jurisdiction in criminal cases nor post‑conviction habeas corpus
jurisdiction in felony cases. Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.BSan Antonio 1999, no pet.); see Tex. Gov't Code Ann. ' 22.221 (Vernon Supp. 2005).  

Conclusion








Because we are without jurisdiction to
grant habeas corpus relief, we dismiss relator's original proceeding.[2]                                                                    

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 27th day  of July, 2006.

 











[1] See Tex. R. App. P. 52.1.  Relator requests that we vacate the trial
court judgment.  We observe that he
previously filed and voluntarily dismissed a direct appeal of the judgment in
the underlying burglary of a habitation case. 
See Valcik v. State, No. 13-03-138-CR, Tex. App. LEXIS
3838 (Tex. App. Corpus Christi May 1, 2003, no pet. h.) (not designated for
publication).





[2] We may issue all  writs of mandamus, agreeable to the
principles of law regulating those writs, against a judge of a district or
county court in our district. Tex. Gov't
Code Ann. ' 22.221(b) (Vernon Supp.
2005). We may also issue writs of mandamus and all other writs necessary to
enforce our jurisdiction. Tex. Gov't
Code Ann. ' 22.221(a) (Vernon Supp.
2005).   Mandamus issues only to correct
a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy at law. Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992). Thus, even if we construed relator's request as a
petition for mandamus relief, we would still dismiss because the request is
beyond the scope of our mandamus authority.