Opinion issued May 15, 2009 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00416-CR




EX PARTE DONALD W. PUGH, Applicant




Original Proceeding on Application for Writ of Habeas Corpus




MEMORANDUM OPINION
          Applicant, Donald W. Pugh, requests that this Court issue an emergency pre-trial writ of habeas corpus, conduct a hearing on it, and grant relief by admitting
applicant to a reasonable bond and releasing him from confinement.
Facts
          Applicant is under an April 2, 2009 indictment for manslaughter in the 248th
District Court of Harris County, Texas. He asserts his poor health prevented him
from making a docket call, which caused the trial court, on May 5, 2009, without
hearing, to revoke his bond and order him taken into custody. On May 6, 2009,
applicant filed in the trial court an application for writ of habeas corpus and motion
for reinstatement of bond. The trial court refused hearing on applicant’s bond
revocation and application for writ of habeas corpus. On May 8, 2009, at the trial
court’s direction, applicant was placed in the Harris County jail. Applicant asserts
that he has been placed in the general jail population where his health is jeopardized
due to non-provision of medications and other considerations.
Applicant’s Legal Argument
          Applicant contends that because the trial court has denied him a hearing on the
bond revocation and application for habeas corpus relief, he is entitled to seek an
original writ of habeas corpus from this Court. As authority, applicant cites Texas
Code of Criminal Procedure article 11.05.
Analysis
          The courts of appeal have no original habeas corpus jurisdiction in criminal
matters. Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no
pet.); Ex parte Denby, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981,
orig. proceeding); Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004). Article 11.05,
which applicant cites, gives original criminal habeas corpus jurisdiction to the Court
of Criminal Appeal, District Courts, County Courts, or any Judge of those courts, but
not to the courts of appeal. See Tex. Code Crim. Proc. Ann. Art. 11.05 (Vernon
2005). 
Conclusion
          We dismiss, for want of jurisdiction, applicant’s motion for leave to file
original petition for writ of habeas corpus and request for emergency relief.
PER CURIAM
Panel consists of Justices Taft, Higley, and Sharp.