Opinion issued June 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00453-CR

———————————

IN RE ROBERT JACKSON, applicant



 



 

Original Proceeding on Petition for Writ of Habeas Corpus  



 



 

MEMORANDUM OPINION

          Applicant, Robert Jackson, has filed a pro se application
for writ of habeas corpus in this Court.[1]  Applicant requests that we issue a writ
ordering his release from jail and granting him his liberty.  Because the courts of appeals have no
original habeas corpus jurisdiction in criminal matters, we have no authority
to grant the requested relief.  Dodson v. State, 988 S.W.2d 833, 835
(Tex. App.—San Antonio 1999, no pet.); Ex
parte Denby, 627 S.W.2d 435, 435 (Tex.App.—Houston [1st Dist.] 1981, orig.
proceeding);  Tex. Gov’t Code Ann. § 22.221 (d)
(Vernon 2009).  Article 11.05 of the
Texas Code of Criminal Procedure gives the Texas Court of Criminal Appeals, the
District Courts, the County Courts, or a Judge of said Courts original criminal
habeas corpus jurisdiction.  Tex. Code Crim. Proc. Ann. art.  11.05 (Vernon Supp. 2009).  Therefore, we are
without jurisdiction to grant habeas corpus relief.  

          Even if we were to treat the
application as a petition for writ of mandamus, we would still have to deny
relief because we do not have a record showing that applicant made any request
of the trial court to perform a nondescretionary act that the trial court
refused.  See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1stDist.] 1992, orig. proceeding).

          Accordingly we dismiss for want of
jurisdiction.

PER CURIAM

Panel consists of Justices Keyes, Higley, and Hanks.

Tex. R. App. P. 47.2(b).











[1]           Applicant requests relief related to a
pending criminal charge, filed as trial court cause number 10CR0274 in the
405th District Court of Galveston County, Texas.