**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 29, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-13-00022-CR**
**NO. 14-13-00023-CR**

---

**IN RE DOMINIC J. GOOCH, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1310892 & 1352829**

---

## MEMORANDUM OPINION

Relator Dominic J. Gooch, a *pro se* prisoner confined in the Harris County Jail, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to take jurisdiction over a pre-trial application for writ of habeas corpus. According to the petition, relator has been indicted for continuous sexual abuse of a child and aggravated sexual assault of a child. Relator asserts that the presiding judge of the

174th District Court of Harris County has not ruled on his application for writ of habeas corpus within ten days of its filing, although he does not state when the habeas application was filed.[1]

Our jurisdiction to issue writs of habeas corpus is limited. *See Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). We have original habeas jurisdiction only in situations where a person is restrained of his or her liberty because the person violated an order, judgment, or decree entered in civil case. Tex. Gov't Code § 22.221(d). We lack jurisdiction to consider relator's application for a writ of habeas corpus. *See* Tex.Code Crim. Proc. art. 11.05 (stating that jurisdiction to grant a writ of habeas corpus lies with the Court of Criminal Appeals, district courts, and county courts); *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding).

In the interest of justice, we have also broadly construed relator's petition for writ of mandamus as a request to compel the trial court to consider his habeas application. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (stating that mandamus may be available to compel a trial court to make a ruling within a reasonable time).

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To satisfy the ministerial act requirement, relator must show a clear right to the relief sought,

---

[1] We note that relator has not cited any authority for a 10-day requirement to rule on an application for writ of habeas corpus, and we find none. When a person charged with a felony applies for habeas relief, the judge shall set a time that is "the earliest day which the judge can devote to hearing the cause of the applicant." Tex. Code Crim. Proc. art. 11.11.

meaning that the merit's are beyond dispute and nothing is left to the exercise of discretion or judgment. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).

Relator has not provided this court with a copy of his application for writ of habeas corpus or any other documents related to his request for relief. He also has not established that the district court received and was aware of the habeas application. *See In re Villarreal,* 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (denying mandamus relief where relator did not establish that the application for writ of habeas corpus was brought to the attention of the court below and the court was requested to act but refused to do so). It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).