**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed June 13, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00484-CR

### EX PARTE DERRICK GONZALES, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 188577**

---

## MEMORANDUM OPINION

Relator Derrick Gonzales filed a petition for writ of habeas corpus in this court. *See* Tex. R. App. P. 52. In the petition, relator seeks a discharge of criminal charges against him due to the State's alleged delay, pursuant to Texas Code of Criminal Procedure article 28.061. *See* Tex. Code Crim. Proc. art. 28.061 (providing for discharge of offense when a speedy trial is denied).

This court has no original habeas corpus jurisdiction in criminal law matters. *See* Tex. Gov't Code Ann. § 22.221(d); *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Our habeas corpus jurisdiction in

criminal matters is appellate only. *See Ex Parte Denby*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). This court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code Ann. § 22.221(d). Original jurisdiction to grant an application for habeas corpus relief in a criminal case rests instead with the Court of Criminal Appeals, the district courts, the county courts, or any judge of said courts. Tex. Code Crim. Proc. art. 11.05.

We are without jurisdiction to consider relator's petition. Accordingly, we order the petition dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).