ACCEPTED
03-15-00063-CR
5276649
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 9:39:14 PM
JEFFREY D. KYLE
CLERK

# BOTSFORD & ROARK

1307 WEST AVENUE
AUSTIN, TEXAS 78701
www.davidbotsfordlaw.com

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 9:39:14 PM
JEFFREY D. KYLE
Clerk

David L. Botsford**
Telephone: (512) 479-8030
Telecopier: (512) 479-8040
E-Mail: DBotsford@aol.com

Brian Roark*
Telephone: (512) 476-1900
Telecopier: (512) 479-8040
E-Mail: Brian@brianroark.com

_____
*Board Certified in Criminal Law
**Board Certified in Appellate Criminal Law
Texas Board of Legal Specialization

Frank Maloney, Of Counsel*
Woody Roark, Of Counsel

May 13, 2015

Jeffrey D. Kyle, Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Texas, 78711-2547

Re: Ex parte James Richard "Rick" Perry, Cause No. 03-15-00063-CR

Dear Mr. Kyle:

Because the State did not meaningfully answer whether the "Bill of Particulars" or the proposed "Amendment of Indictment" would affect the justiciability or relevance of the issues raised on appeal, Governor Perry will not file a reply brief, unless requested by the Court. Governor Perry's Supplemental Brief amply demonstrates that neither of those filings affects this Court's jurisdiction or lessens the urgency that this Court resolve the issues raised as promptly as possible.

Indeed, the State's alternative request for a remand to the trial court seeks an abrogation of this Court's duty and responsibility to address the issues over which it clearly has jurisdiction. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998); *Ex parte King*, 134 S.W.3d 500, 504 n.3 (Tex. App.–Austin 2004, pet. ref'd). This appeal is from a final judgment in the habeas corpus proceeding, which is separate and independent from the underlying criminal prosecution. *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005), quoting Dix and Dawson, *Texas Practice: Criminal Practice And Procedure*, 2nd ed., Vol 43B, § 47.51, 219-220 (2001). The State's alternative request for a remand is therefore inconsistent with the grant of jurisdiction as well as the purpose of the writ, which is to "to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint." *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002).

Instead, the State has in essence submitted a sur-reply to the merits briefing; its arguments all address the merits of this Court's eventual decision. It contends that several questions of pure law,

such as whether the underlying dollar amount of a vetoed appropriation constitutes the value of the allegedly misused property for purposes of determining the gravity of a violation of Section 39.02 of the Penal Code, are really "mixed questions of law and fact." State's Supp. Br. at 3; *id*. at 6, 11, 16. And it insists that "it has an absolute right to prosecute [Governor Perry] for [exercising his veto] based on his motives." *Id*. at 3. If that is true, then every gubernatorial veto (and indeed every gubernatorial approval) of any appropriation is subject to criminal prosecution based on "motive" that can only be adjudged by a finder of fact after a full jury trial.

Furthermore, the State is less than candid with the Court when it claims that "[t]he trial court has been hampered thus far by Appellant's continued attempts to resist getting to the facts." State's Supp. Br. at 5. The record is clear that Governor Perry requested a hearing on his constitutional issues, *see* CR49; CR421, and that the State opposed any hearing, *see* CR275; CR313, 346.

All the State's brief really accomplishes is to highlight how only questions of law — indeed, questions of fundamental, constitutional law — have been presented to this Court by appeal, and why the Court should speedily grant Governor Perry the relief that he has requested and to which the federal and Texas Constitutions entitle him.

Respectfully submitted,

/s/David L. Botsford

cc:
Mr. Michael McCrum
Via Email Only

Mr. David Gonzalez
Via Email Only

Mr. Tony Buzbee
Via Email Only

Mr. Tom Phillips
Via Email Only

2