**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00669-CR

### IN RE DONTHELLE MORENO, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
263rd District Court
Harris County, Texas
Trial Court Cause No. 1451410-A

## MEMORANDUM OPINION

On August 6, 2015, relator Donthelle Moreno filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to set bond pending trial on charges of aggravated robbery and possession of a firearm by a felon because the Honorable Jim Wallace, presiding of the 263rd District Court of Harris County, has not done so.

Relator is requesting habeas corpus relief. The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only. Tex. Gov't Code Ann. § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex Parte Denby*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

2