# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00270-CV

**In re Christopher L. Graham**

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

The trial court signed an order finding relator Christopher Graham in contempt of court for his actions related to an underlying criminal case in which he was appointed to represent the defendant and sentenced him to fifteen days in jail and a $300 fine. Graham filed an application for writ of habeas corpus in the trial court. He also sent the trial court a letter stating that he had filed the habeas application about a month earlier and had been unable to set the application for a hearing, despite several attempts. He then filed in this Court a "Petition for Writ of Habeas Corpus, Appellate Brief, and Motion to Stay Judgment."[1]

Graham asserts that we have jurisdiction over this matter because we may exercise appellate jurisdiction in criminal habeas proceedings, and he filed a habeas application in the trial court, citing *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, no pet.).

---

[1] Although Graham filed a "notice of appeal" from the trial court's contempt order, he has requested habeas relief and is complaining about an order from which he may not appeal. *See* Tex. R. App. P. 52.1, 52.2, 52.3; *Ex parte Aldridge*, 334 S.W.2d 161, 162 (Tex. Crim. App. 1959) (no appeal lies from contempt decree); *Cortes v. State*, No. 14-99-01194-CV, 2000 WL 328500, at *1 (Tex. App.—Houston [14th Dist.] Mar. 23, 2000, orig. proceeding) (mem. op.) (dismissing attorney's attempted appeal from order of contempt for failing to timely appear to represent client in criminal proceeding). We therefore treat this proceeding as an application for extraordinary relief.

However, Graham is asking us to issue a writ of habeas corpus; he is not simply seeking our appellate review of the trial court's decision on his application. "The Courts of Appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only." *Id.*; *see Ex parte Powell*, 883 S.W.2d 775, 777-78 (Tex. App.—Beaumont 1994, orig. proceeding) (court of appeals lacks jurisdiction to issue writ of habeas corpus related to criminal contempt).[2] The fact that Graham filed an application for habeas relief in the trial court, an application on which the trial court apparently has not ruled, does not give us jurisdiction. *See Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding). We therefore dismiss this proceeding for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed:   October 2, 2015

_____

[2] The alleged contempt in question here is direct, criminal contempt. *See Ex parte Powell*, 883 S.W.2d 775, 777-78 (Tex. App.—Beaumont 1994, orig. proceeding) (direct contempt is contempt that occurs in trial court's presence, and "criminal contempt consists of acts of disrespect directed at the courts or to its process which impede the court's administration of justice or tend to bring the court into disrepute"; criminal contempt order is "purely punitive in nature," intended to punish by fine and imprisonment, and "unconditional and definite, with the proceedings occurring between the accused and the court, not the original parties to the suit"); *see also Ex parte Daniels*, 722 S.W.2d 707, 710 (Tex. Crim. App. 1987) (to be direct contempt, act need not occur in trial court's "immediate presence"; "the court is present whenever any of its constituent parts, the courtroom, the jury and the jury room are engaged in pursuing the work of the court"); *Ex parte Krupps*, 712 S.W.2d 144, 149 (Tex. Crim. App. 1986) (criminal contempt "can be broken into two specific acts: 1) an act which is disrespectful of the court and 2) an act which obstructs, or tends to obstruct, the proper administration of justice").