**Opinion issued October 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00655-CR

———————————

## IN RE ROBERT K. BOULDS, Relator

---

## Original Proceeding on Application for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Robert K. Boulds, incarcerated and proceeding *pro se*, has filed an

"Out-of-Time Appeal Application for Writ of Habeas Corpus Tex. Code Crim.

Proc. Ann. Art. 11.05."[1] Relator requests that we grant an out-of-time-appeal to

allow him to proceed on his complaint that he is illegally restrained, contending

---

[1]     Relator's petition identifies the underlying case as Cause No. 996316, *The State of Texas v. Robert K. Boulds*, in the 176th District Court of Harris County, Texas, the Honorable Stacey W. Bonds, presiding.

that the indictment in trial court cause number 996316 is invalid or void. In that cause, a jury convicted relator of aggravated sexual assault of a child and assessed punishment at confinement for fifty years. *See Boulds v. State*, No. 01-05-00596-CR, 2006 WL 2974301 (Tex. App.—Houston [1st Dist.] Oct. 19, 2006, pet. ref'd) (mem. op., not designated for publication) (affirming trial court's judgment). We dismiss relator's application for a writ of habeas corpus for want of jurisdiction.

This Court does not have original jurisdiction to issue a writ of habeas corpus in a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); TEX. GOV'T CODE ANN. § 22.221 (West 2004); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (citing *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.)); *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). The Texas Court of Criminal Appeals has sole jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Ct. App.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Accordingly, we dismiss relator's application for a writ of habeas corpus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   Tex. R. App. P. 47.2(b).

3