**Opinion issued November 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00796-CR

———————————

## EX PARTE AMMAR MOHAMMED ALALI, Appellant

---

**On Appeal from the County Court**
**Chambers County, Texas**
**Trial Court Cause No. 29624**

---

## MEMORANDUM OPINION

Appellant, Ammar Mohammed Alali, through counsel, pleaded *nolo contendere* or no contest to the Class B misdemeanor offense of possession of marihuana, less than two ounces, for which he was sentenced to two days in jail and a $400.00 fine on September 25, 2013.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a)(b)(1) (West Supp. 2014); TEX. PENAL CODE ANN. § 12.22(3)

(West Supp. 2014). The trial court certified that the underlying case was a plea-bargain case, and that Alali had no right of appeal and, thus, he did not file any appeal of his conviction.

On November 24, 2014, Alali, through habeas counsel, filed an application for a writ of habeas corpus in the trial court, under Texas Code of Criminal Procedure article 11.09. Alali claimed that he had been visiting Texas from Saudi Arabia in January 2013 when he was arrested for misdemeanor marihuana possession. Alali contended that, after his retained plea counsel advised him that pleading no contest to his Class B misdemeanor charge would not affect his visa status, he pleaded no contest, but was later denied an F-1 visa due to this conviction. Thus, Alali contended that his plea counsel's failure to provide accurate immigration advice, as required under *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), resulted in ineffective assistance of counsel, in violation of the Sixth Amendment, and rendered his 2013 no-contest plea involuntary.

After the State responded to Alali's habeas application, the habeas court held a writ hearing on March 11, 2015, in which Alali's plea counsel was the only witness who testified. On April 27, 2015, the habeas court signed findings of fact and conclusions of law, and an order denying Alali's habeas application. No timely motion for new trial or extension of time to file a notice of appeal was filed, making Alali's notice of appeal due by May 27, 2015. *See* TEX. R. APP. P.

26.2(a)(1), 26.3. Alali's notice of appeal was not filed until September 11, 2015. After reviewing the clerk's record, the Clerk of this Court requested the certification, and the trial court certified Alali's right of appeal of the denial of his habeas application. *See id.* at 25.2(a)(2), (d), 31.1, 37.1.

Although this Court has appellate jurisdiction over orders denying criminal habeas applications, it is still necessary for the appellant to file a timely notice of appeal to invoke our jurisdiction. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1), 31.1; *cf. Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see*, *e.g.*, *Ex parte Brann*, No. 07-02-0522-CR, 2003 WL 253300, at *1 (Tex. App.—Amarillo Feb. 5, 2003, no pet.) (mem. op., not designated for publication) (overruling motion for rehearing of dismissal of habeas appeal because no notice of appeal of order denying habeas application was timely filed). A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of

3

the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, Alali's notice of appeal of the April 27, 2015 order denying his habeas application was not filed until September 11, 2015, more than four months after the order was signed. *See* TEX. R. APP. P. 26.2(a)(1), 31.1. Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).