**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00954-CR

## IN RE CHRISTOPHER DUPUY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**405TH District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15CR1660**

## MEMORANDUM OPINION

On November 16, 2015, relator Christopher Dupuy filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to declare Section 33.07 of the Texas Penal Code, which makes online impersonation an

offense, unconstitutional, order the underlying case dismissed, and discharge relator from custody.[1]

The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only. Tex. Gov't Code Ann. § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex Parte Denby*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Watson v. State*, 96 S.W.3d 497, 499 (Tex. App.—Amarillo 2002, pet. ref'd). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See* Tex. Penal Code Ann. § 33.07 (West Supp. 2015).