**Opinion issued December 1, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00718-CR

———————————

## IN RE JOHN JON NICHOLSON, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, John Jon Nicholson, has filed a pro se application for a writ of habeas corpus. Relator's application states that he was arrested for the felony offense of theft.[1] Relator asserts that he is being held in the Harris County Jail "in violation of [the Texas Constitution's] double jeopardy clause" because he was

---

[1]   The underlying case is *The State of Texas v. John Nicholson*, Cause No. 1666868, pending in the 179th District Court of Harris County, Texas, the Honorable Randy Roll presiding.

arrested on March 2, 2020 and again on March 4, 2020. *See* TEX. CONST. art. I, § 14. He further asserts that he did not learn that a Harris County Grand Jury issued a true bill of indictment on April 23, 2020 until five months later and that he should not be in custody because a copy of the indictment was not "officially served" on him. Finally, he asserts that he is being held in violation of Texas Code of Criminal Procedure articles 32.01 and 32.46,[2] and he asks this Court to order the trial court to "dismiss charges [against him] with prejudice." *See* TEX. CODE CRIM. PROC. ANN. art. 32.01.

The Texas Code of Criminal Procedure vests original jurisdiction to issue a pretrial writ of habeas corpus in a criminal case only in the Texas Court of Criminal Appeals, the district court, the county courts, or a judge of those courts. *See* TEX. CODE CRIM. PROC. arts. 11.05, 11.08. "We do not have original jurisdiction to issue a writ of habeas corpus in a criminal case, much less jurisdiction to consider an original pretrial petition for writ of habeas corpus." *In re Farrow*, No. 03-16-00354-CV, 2016 WL 3391551, at *1 (Tex. App.—Austin June 15, 2016, no pet.) (mem. op., not designated for publication); *see also* TEX. CODE CRIM. PROC. art. 11.05; *In re Shaw,* 175 S.W.3d 901, 903 (Tex. App.— Texarkana 2005, orig. proceeding). Our habeas corpus jurisdiction in criminal

---

[2] The Texas Code of Criminal Procedure does not contain an article 32.46. *But see* TEX. PENAL CODE ANN. § 32.46 (offense of securing execution of document by deception). Thus, it is unclear the exact provision to which relator is referring.

matters is appellate only. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding).

Further, although an accused person may file an application for a pretrial writ of habeas corpus in the trial court based on double-jeopardy grounds, the claim is not cognizable unless the application for habeas corpus "raises true double jeopardy claims . . . arising out of violations of the Double Jeopardy Clause." *Ex parte King*, 134 S.W.3d 500, 503 (Tex. App.—Austin 2004, pet. ref'd). Relator does not direct this Court to any authorities establishing that jeopardy attaches to mere arrests, and we are not aware of any. Further, pretrial habeas relief generally is not available to "test the sufficiency of the complaint, information, or indictment." *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (internal quotations omitted).

Finally, we note that no record was filed along with relator's application for a writ of habeas corpus. Relator bears the burden in a habeas proceeding, and therefore, he must "bring forward an adequate record" to support his complaint. *In re Munks*, 263 S.W.3d 270, 273 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *see also* TEX. R. APP. P. 52.7; *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In the absence of a record, this Court has nothing to review; *see also* TEX. R. APP. P. 52.3(k).

Accordingly, we dismiss relator's application for a writ of habeas corpus for lack of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Hightower, and Countiss.

Do not publish. Tᴇx. R. Aᴘᴘ. P. 47.2(b).