# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00255-CR

---

**Ruben Alonzo, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-21-301358, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Ruben Alonzo, who has not been finally sentenced, seeks to appeal the trial court's order denying his pretrial motion to set aside the indictment. In Texas, courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Alonzo has not directed us to any authority, nor have we found any, granting a direct appeal of an interlocutory order denying a pretrial motion to set aside the indictment.[1] *See Salcido v. State,* No. 08-21-00148-CR, 2021 WL 4988307, at *1 (Tex. App.—El Paso Oct. 27, 2021, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction interlocutory appeal from motion to dismiss indictment); *see also Mendoza v. State*,

---

[1] Alonzo separately filed an application for writ of habeas corpus with the trial court, seeking habeas relief to remove his ankle monitor while awaiting trial. However, the denial of that habeas writ, nor the ankle monitor issue, are part of the present appeal. *See Ex parte King*, 134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd) (describing appeal on pretrial writ of habeas corpus).

No. 06-17-00121-CR, 2017 WL 3908216, at *2 (Tex. App.—Texarkana Aug. 9, 2017, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal from interlocutory orders denying defendant's motion to dismiss the indictment and motion for speedy trial); *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.— Fort Worth 2004, pet. ref'd) (dismissing appeal from interlocutory order denying defendant's motion to set aside indictment based on claim that prosecution was barred by statute of limitations).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed:   June 9, 2023

Do Not Publish