**Opinion issued January 4, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00716-CR**
_____

**IN RE RONALD WAYNE JOHNSON, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

On October 5, 2023, Relator Ronald Wayne Johnson filed a document titled "Criminal: Writ of Mandamus: [a]nd: Writ of Habeas Corpus." Relator subsequently filed: an "Amended [Petition for] Writ [of] Mandamus" on November 2, 2023; an "Exhibit" to his originally filed petition, titled "Writ of Mandamus . . . to: County Judge George" on November 8, 2023; and a "Criminal Mandamus: (Amended)" on December 13, 2023. In his filings, Relator appears to challenge the policies of the Texas Department of Criminal Justice and the actions

of some staff in its prisons. However, it is unclear what relief, if any, Relator seeks from this Court.

To the extent Relator seeks relief through a writ of mandamus, we deny the petition for failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(a) (identity of parties and counsel), (b) (table of contents), (c) (index of authorities), (d) (statement of the case), (e) (statement of jurisdiction), (f) (issues presented), (g) (statement of facts), (h) (argument), (i) (prayer), (j) (certification), and (k) (appendix); TEX. R. APP. P. 9.5 (service); and TEX. R. APP. P. 52.7(a)(1) (inclusion of sworn record); *see also In re Hughes*, 607 S.W.3d 136, 138 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (dismissing mandamus without prejudice for failure to comply with Texas Rules of Appellate Procedure).

If instead, Relator seeks relief though a writ of habeas corpus, his writ fails because this Court does not possess original habeas jurisdiction. As such, we lack jurisdiction to consider Relator's writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *see also Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) ("The Courts of Appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only.").

Accordingly, we deny Relator's petitions. Tex. R. App. P. 52.8(a). Any pending motions are denied as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).