**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00068-CR**
_____


**IN RE MICHAEL KEITH BRASHER JR.**

_____

**Original Proceeding
252nd District Court of Jefferson County, Texas
Trial Cause No. 23DCCR0944**
_____

**MEMORANDUM OPINION**

Michael Keith Brasher Jr. filed an original petition for a writ of habeas corpus in a criminal case. He states his bond is currently set at $250,000 on a charge of aggravated assault on a peace officer, and he asks this Court to reduce his bond to $100,000. The statutory grant of power to issue a writ of habeas corpus to "the court of appeals of a court of appeals district in which a person is restrained in his liberty[]" is limited to restraint of liberty of a person within our district "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or

1

judge in a civil case." Tex. Govt. Code Ann. § 22.221(d). An intermediate court of appeals lacks original habeas jurisdiction in criminal law matters. *See* Tex. Code Crim. Proc. Ann. art. 11.05 (By Whom Writ May Be Issued); *see also Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) ("The Courts of Appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). Accordingly, we dismiss Brasher's petition for a writ of habeas corpus for lack of jurisdiction.

PETITION DISMISSED.

PER CURIAM

Submitted on March 25, 2025
Opinion Delivered March 26, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.