In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00501-CR

IN RE DOUGLAS EUGENE MILES

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. F20-33734**

**MEMORANDUM OPINION**

Douglas Eugene Miles filed an original petition for a writ of habeas corpus in a criminal case. He claims the judgment of conviction in Trial Cause Number F20-33734 is void.[1] We dismiss the petition for lack of jurisdiction.

The statutory grant of power to issue a writ of habeas corpus to "the court of appeals of a court of appeals district in which a person is restrained in his liberty[ ]" is limited to restraint of liberty of a person within our district "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an

---

[1]No other trial court case is referred to in the petition.

1

order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code Ann. § 22.221(d). An intermediate court of appeals lacks original habeas jurisdiction in criminal law matters. *See* Tex. Code Crim. Proc. Ann. art. 11.05 (By Whom Writ May Be Issued); *see also Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) ("The Courts of Appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only."). What's more, article 11.07 of the Texas Code of Criminal Procedure provides the exclusive means by which a defendant convicted of a felony and sentenced to a prison term may challenge his conviction. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."), § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").

Miles also refers to his petition as a "Writ of Error" and as a "Quo Warranto Complaint." Neither procedure applies to a challenge to confinement brought by a pro se defendant in a criminal case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012 ("In a civil case in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court."); § 66.002

2

("If grounds for the remedy exist, the attorney general or the county or district attorney of the proper county may petition the district court of the proper county or a district judge if the court is in vacation for leave to file an information in the nature of quo warranto.").

Finally, Miles titled his petition Notice of Appeal for a New-Petition for Writ of Habeas Corpus. It is possible that Miles is currently confined in jail by reason of his arrest in an active criminal case, but Miles failed to identify any case other than Trial Cause Number F20-33734 and he has not identified an appealable trial court order denying an application for a writ of habeas corpus in Trial Cause Number F20-33734 or in any other criminal case. Accordingly, Miles has not shown that this proceeding should proceed as an appeal. *See generally* Tex. Code Crim. Proc. Ann. art. 11.08 ("If the applicant is accused of committing a felony offense, whether by indictment, information, warrant, arrest, or other means, and has not been convicted of the offense, the applicant or petitioner may apply: (1) to the judge of the court in which the indictment or information charging the applicant is pending[.]"); Tex. R. App. P. 31.

We dismiss the petition for lack of jurisdiction.

PETITION DISMISSED.

PER CURIAM

Submitted on January 6, 2026
Opinion Delivered January 7, 2026
Do Not Publish
Before Golemon, C.J., Johnson and Wright, JJ.