72,089-09

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 19 2015

Abel Acosta, Clerk

November 15, 2015

Dear Clerk:
                                    To be filed in the Court of
                            Criminal Appeals
    Please find enclosed my Application for an Out-of-Time Appeal
Pursuant to Art. 11.05. habeas corpus alone with Exhibit "A"
VOID Indictment with Affidavit in support also my Mandamus
asking this court to enforce it's Jurisdiction to the Court of Appeals
First Dist. to order the 176th Dist. Court of Harris County, Tx.
to give a Fact Findings and Conclusion of Law concerning
my complaint of being Illegally Restrained

    Also the Court of Appeals gave an Opinion dated
Oct. 29, 2015

    Saying that this Court of Criminal Appeals has
Sole Jurisdiction SEE P. 2 of habeas corpus
Opinion which is also enclosed

    I'm asking for an Fact Findings and Conclusion of
Law from the 176th Dist. court of Harris County, Tx.

This document contains some
pages that are of poor quality
at the time of imaging.
                            Thank You !!

CC:                                     Robert K. Bailes

            P. 1 of 1

# Affidavit In Any Fact

State of Texas
County of Potter

On this day personally appeared Robert K. Boulds, declare the stated as follows:

My name is Robert K. Boulds, I am otherwise competent to make this Affidavit.

My records reflect the indictment was served to me by a Harris County Jailer Exhibit "A" indictment for Agg. Sexual Assault of A Child ____ in trial cause No. 996316

The indictment in cause No. 996316 is missing three(3) very important elements which makes the indictment "VOID"

Elements Missing:

① TERM DATE of Grand Jury

② The Original File Stamp Date from the District Clerk's Office

③ lacks the District Attorney or one of his/her assistant's Signature

Defective in Substance and Form A Violation of Art. 32.02 Tex. Code Crim. Proc. A trial court has authority to dismiss a charging instrument with Prejudice for a defect in Form or Substance.

## Inmate's Declaration

I, Robert K. Boulds am the Person and being Presently incarcerated in the William P. Clements Unit ____ in Potter County Tx. declare under Penalty of Perjury that according to my belief the facts stated in the above Affidavit are true and correct. V.T.C.A. Civ. Prac. & Rem. Code 132.001-132.003

Executed on this 15th day of November 2015

CC:

Robert K. Boulds #1311781
Robert K. Boulds #1311781

P. 1 of 1

Exhibit "A"

STATE OF TEXAS

ROBERT KEVEN BOULDS
24130 FOUR SIXES
HOCKLEY, TX 77447

**337th GJ**

ICIC CODE: 1115 35

FELONY CHARGE: AGGRAVATED SEXUAL ASSAULT -CHILD
CAUSE NO: 986316
HARRIS COUNTY DISTRICT COURT NO: 176th
FIRST SETTING DATE:

SPN:
DOB: BM 03/18/71
DATE PREPARED: 8/4/2004

RELATED CASES:

D.A. LOG NUMBER:979628
CJIS TRACKING NO.:
01093189 BY: TW DA NO: 063436500
AGENCY:HCSO
O/R NO: 0407132177
ARREST DATE: TOBE

BAIL: $30,000
PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, ROBERT KEVEN BOULDS, hereafter styled the Defendant, heretofore on or about **JULY 2, 2004**, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of SAVANNA WHITE hereinafter called the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

337TH                                          FOREMAN

FOREMAN OF THE GRAND JURY

INDICTMENT

Opinion issued October 29, 2015



In The

## Court of Appeals

For The

## First District of Texas

———

### NO. 01-15-00654-CR

### IN RE ROBERT K. BOULDS, Relator

### Original Proceeding on Petition for Writ of Mandamus

### MEMORANDUM OPINION

Relator, Robert K. Boulds, incarcerated and proceeding *pro se*, has filed a petition for a writ of mandamus, seeking an order directing respondent to perform his "ministerial duties" relating to relator's application for a writ of habeas corpus.[1] We dismiss relator's petition for a writ of mandamus.

---

[1] Relator's petition identifies the underlying case as Cause No. 996316, *The State of Texas v. Robert K. Boulds*, in the 176th District Court of Harris County, Texas, the Honorable Stacey W. Bond presiding.

Because relator's petition reflects that he has filed an article 11.07 application for writ of habeas corpus in the trial court, his mandamus petition relates to a pending post-conviction habeas corpus application involving a final felony conviction. This Court does not have jurisdiction to grant relator's requested relief. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Accordingly, any complaints about inaction on matters relating to relator's post-conviction application for a writ of habeas corpus must be brought in the Texas Court of Criminal Appeals. *See In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings"). We have no authority to issue writs of mandamus in criminal law matters relating to final post-conviction felony proceedings. *See In re McAfee*, 53 S.W.3d at 718.

Accordingly, we dismiss relator's application for a writ of mandamus for want of jurisdiction and dismiss the motion for leave to file as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).

*Requesting a Evidentiary Hearing*

Opinion issued October 29, 2015



In The

# Court of Appeals

For The

# First District of Texas

## NO. 01-15-00655-CR

## IN RE ROBERT K. BOULDS, Relator

Original Proceeding on Application for Writ of Habeas Corpus

## MEMORANDUM OPINION

Relator, Robert K. Boulds, incarcerated and proceeding *pro se*, has filed an "Out-of-Time Appeal Application for Writ of Habeas Corpus Tex. Code Crim. Proc. Ann. Art. 11.05."[1] Relator requests that we grant an out-of-time-appeal to allow him to proceed on his complaint that he is illegally restrained, contending

---

[1] Relator's petition identifies the underlying case as Cause No. 996316, *The State of Texas v. Robert K. Boulds*, in the 176th District Court of Harris County, Texas, the Honorable Stacey W. Bonds, presiding.

that the indictment in trial court cause number 996316 is invalid or void. In that cause, a jury convicted relator of aggravated sexual assault of a child and assessed punishment at confinement for fifty years. *See Boulds v. State*, No. 01-05-00596-CR, 2006 WL 2974301 (Tex. App.—Houston [1st Dist.] Oct. 19, 2006, pet. ref'd) (mem. op., not designated for publication) (affirming trial court's judgment). We dismiss relator's application for a writ of habeas corpus for want of jurisdiction.

This Court does not have original jurisdiction to issue a writ of habeas corpus in a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); TEX. GOV'T CODE ANN. § 22.221 (West 2004); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (citing *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.)); *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). The Texas Court of Criminal Appeals has sole jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Ct. App.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Accordingly, we dismiss relator's application for a writ of habeas corpus for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).

3

# The State of Texas
## In The Court Of Criminal Of Texas
### At Austin, Texas

Ex Parte Robert K. Boulds
                    Appellant,

    VS.

Texas Board of Pardons and Paroles

    VS.

Texas Department of Criminal Justice-
Correctional Institutions Division
                    Respondents,

WR-72-089-04
Trial Ct. No. 996316

## Out-Of-Time Appeal
### Application For Writ of habeas corpus
### Tex Code Crim. Proc. Ann. Art. 11.05

## Jurisdiction + Venue

This is an Out-Of-Time Appeal complaint authorized by this Original Application For Writ of habeas corpus under Art. 11.05. Pursuant to Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05, Art. 11.5-11.05. and this Criminal District Court No. 176th of Harris County, Tx. have Original Jurisdiction in this Out-Of-Time Appeal case under Tex. R. App. Proc. 72, Rule 74, Rule 75, Rule 78(d) Tex Code Crim. Proc. Ann. Art. 4.04 See Tex. Gov't Code 22.002(C) and 22.221(a)(b) for submission for En Banc under Tex. R. App. Proc. 41(C) and Rule 76(C) for want of Jurisdiction under Tex. Gov't Code 22.221(A)1,2 and 22.225(b) 3(C) (1) on request for a injunctive relief to remand. SEE Tex. R. App. Proc. 44.2(A) to grant Motion for Leave for a ▉ a new trial under Art. 40.001. SEE Motion to Recuse in Tex. R. Civ. P. 18(a)(1)(b) Tex. R. Civ. Proc. 13 Tex. Civ. Prac. + Rem Code Chapter 132 & 14.001-14.0014 and 15.001 and Benefits.

The Appellant Boulds argue and offer into evidence an (Invalid Indictment Cause No. 996316 Exhibit A) objection against the Criminal District Court No. 176th of Harris County, Tx. for denying Appellant's habeas corpus Art. 11.07 for relief under Art. 11.15 and Art. 11.16. when the trial court has knowledge that a person is "Illegally Restrained" and confined in his liberty.

CC:

The Appellant Boulds objects against The Board of Pardons and Paroles and Texas Department of Criminal Justice-Correctional Institution Division for having Appellant "Illegally Restrained" and confined.

At the threshold the District Court and Court of Criminal Appeals must decide whater the Due Process Clause of the United States Constitution forbids the incarceration of an innocence Person. It is clear from a VOID Judgement to punish an innocence person is as much a Violation of the Due Process Clause as is the execution of such a Person. It follows that claims of actual innocence are cognizable by this court in an original habeas corpus proceeding wheter punishment assessed is death or confinement. In either case such claims raise of Federal Constitutional magnitude, SEE Ex Parte Bravo 702 S.W. 2d 189 (Tex. Crim. App. 1982).

## Issue Presented

Ground One: The Appellant is Actually Innocence of A VOID Judgement And his Incarceration Violates Due Process of the Eighth Amendment

Ground Two: Appellant received Ineffective Assistance of Counsel violating Appellant's Sixth Amendment and his Texas Constitutional Rights

## Statement of Fact

The underlying Proceeding involves an NON-Charging Instrument/VOID Indictment

Appellant contends his non-charging/VOID Indictment was not returned by a lawful grand Jury due to the fact that the TERM DATE is missing which is a violation of Art. 32.01 Tex Code Crim. Proc. foremore without the grand Jury's TERM DATE was there in fact any grand Jury empanded on any given day in Harris County, Tx. i.e. TERM of grand Jury was ommitted in the indictment cause No. 996316 Exhibit "A"

Also there's NO Original File Stamp Date of the District Clerk's office which is strong evidence that a returned indictment "was not" Presented to the court within the meaning of Art. 20.21

The indictment in cause No. 996316 Exhibit "A" also lacks the District Attorney or one of his/her assistant's Signature

Defective in Substance and Form-Violation of Art. 32.02 Tex. Code Crim. Proc.- A tried court has authority to dismiss a charging instrument WITH PREJUDICE for a defect of Form or Substance

CC:

The trial court had NO Subject or Personal Jurisdiction over appellant and the record does show that the trial had NO Plenary Powers NO Authority to act nor any Jurisdiction to try this case, Thus Dismissal With Prejudice is the only remedy.

Thus the Appellant Due Process Rights were violated by the suggestive indictment which contained NO File Stamp Date NOR TERM DATE that fact convincingly shows the presentment "WAS NOT" satisfied SEE Doston V. State No PD-0614-06 May 23, 2007

Facts Supporting Ground One: Appellant is Actually Innocence Of A VOID Judgement and it is Clear by the face of the indictment SEE Ex Parte Spaulding 687 S.W. 2d 741 (Tex. Crim. App. 1985)

Facts Supporting Ground Two: Appellant received Ineffective Assistance of Counsel Due to the fact that trial counsel fail to object to the Invalid Indictment thus trial counsel was ineffective SEE Cronic 104 S. Ct. 2039 (1984)

## Prayer

Appellant Prays that this honorable court grant this application for an Out-Of-Time Appeal under Art. 11.05 to Proceed in the complaint of being "Illegally Restrained" and confined by the above officials, and grant Appellant a Dismissal With Prejudice in the name of Justice for relief. Amen

## Un Sworn Declaration

I, Robert K. Baulds #1311781, being Presently incarcerated in the Williams P. Clements Unit of The Texas Department of Criminal Justice in Potter County, Tx. According to my belief declare under penalty of Perjury the facts stated in this application are true and correct under V.T.C.A. Civ. Prac. & Rem. Code 132.001

11-15-15
DATE

Robert K. Baulds #1311781
Robert K. Baulds #1311781

CC:

P. 3 of

## Certificate of Service

I, Robert K. Boulds #1311781, do hereby certify that a true and correct copy of the above application has been forwarded by the United States mail system Postage Pre-Paid to the following Address:

Court Of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Tx. 78711

11-15-15
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781

CC:

P. 4 of 4

The State of Texas
In The Court of Criminal Appeals of Texas
At Austin, Texas

The State of Texas
VS.

Ex Parte Robert K. Boulds
                    Appellant

In Criminal District Court
No. 176th of
Harris County, Texas
Trial Cause No. 996316
WR-72,089-04

Motion For leave To File

Application For Writ Of habeas Corpus Art. 11.05
Tex. R. App. Proc. 72 Tex. Code Crim. Proc. Art. 11.05

To The Court Of Criminal Appeals Of Texas: Rule 12

Now comes Appellant Robert K. Boulds argue and offer into evidence an (Invalid Indictment Cause No. 996316) Objection against Criminal District Court No. 176th of Harris County, Texas for denying Appellant's Habeas Corpus Art. 11.07 for relief and submits this Motion For leave To File under Tex. R. App. Proc. 72 and Tex. Code Crim. Proc. Art. 11.07 and respectfully moves this honorable court to grant leave to file this Original Application For Writ Of habeas corpus under Tex. Code Crim Proc. Ann. Art. 11.05, Art. 11.15 - Art. 11.65. to be tendered contemporaneously with this Motion, This Motion is an objection against the Texas Department of Pardon and Paroles and Texas Department of Criminal Justice-Correctional Institutions Division for having Appellant Boulds "ILLEGALLY RESTRAINED" and confined; this motion and application alleges Plain Error, Fundamental Error from the record under Rule 52.7 and in support of same will respectfully shows this Honorable court the following:

Issue Presented

Ground One: Appellant is Actually Innocence of A VOID Judgement and his incarceration violates Due Process and the Eighth Amendment of the U.S.C.

CC:

**Ground Two:** Appellant received Ineffective Assistance of Counsel Violating The Sixth Amendment And his Texas Const. Rights

## Statement Of Fact

The underlying Proceeding Involves an NON-Charging Instrument / VOID Indictment Appellant Contends his NON-Charging Instrument / VOID Indictment was not returned by a lawful Grand Jury due to the fact that the "TERM DATE" is missing which is a Violation of Art. 32.01 Tex. Code Crim. Proc. Furemore without the Grand Jury's "TERM DATE" was there in fact any grand Jury empaneled on any given day in Harris County, i.e. ?? TERM of grand Jury was committed in the indictment cause No. 996316

Also there's NO ORIGINAL FILE STAMP of the District Clerk's office which is strong evidence that a returned indictment "WAS NOT" Presented to the Court within the meaning of Art. 20.21 Tex. Code Crim. Proc.

The Indictment Also lacks the District Attorney or one of his/her "Assistant's SIGNATURE

Defect in Substance And FORM Violation of Art. 32.02-A trial Court has authority to dismiss a Charging instrument WITH PREJUDICE for a defect of FORM or SUBSTANCE Tex. Code Crim. Proc.

The trial court had NO Subject NOR Personal Jurisdiction over Appellant and the record does show that the trial court had NO Plenary Power, NO Authority to act nor any Jurisdiction to try this case. Thus DISMISSAL WITH PREJUDICE is the only remedy.

Trial Counsel Hal Hudson trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient by failure to familiarize himself with the Invalid Indictment, trial counsel's failure to object to the Invalid Indictment at Pre-trial hearing under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside the VOID Indictment Under Tex. Code Crim. Proc. Art. 28.061 Constituted ineffective assistance of counsel SEE Black V. State 816 S.W. 2d 350 (Tex. Crim. App. 1990)

CC:

p. 2 of

## Prayer

Appellant Prays that this Honorable court grant leave in this Motion For leave To File under Art. 11.07 _____ to Proceed in this Original Application of complaint of being "ILLEGALLY RESTRAINED" and Confined by the above officials in the name of Justice and for Relief. Amen

## Unsworn Declaration

I, Robert K. Boulds #1311781 being Presently incarcerated in the William P. Clements Unit _____ Of The Texas Department of Criminal Justice in Potter County, Texas according to my belief declare under Penalty of Perdjirt, the facts stated in this motion are true and correct under V.T.C.A. Civil Prac & Rem Code 132.001

11-15-15
DATE

*Robert K. Boulds #1311781*
Robert K. Boulds #1311781

## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above motion has been forwarded by the United States mail system Postage Pre-Paid to the following address:

Court of Criminal Appeals
P.o. Box 12308
Capitol Station
Austin, Tx. 78711

~~Harris County Dist Clerk~~
~~P.o. Box 4651~~
~~1201 Franklin ST.~~
~~Houston, Tx. 77210~~

11-15-15
DATE

*Robert K. Boulds #1311781*
Robert K. Boulds #1311781

CC:

P. 3 of 3

The State of Texas
In The Court of Criminal Appeals of Texas
At Austin, Texas

The State Of Texas
VS.

In re Robert K. Boulds,
Relator,

Trial cause No. 996316
Court of Appeals 1st Dist.
Number: 01-15-00654-CR,
01-15-00655-CR

Motion For Leave To File
Original Application For Writ Of Mandamus
Tex. R. App. Proc. 72.1 Tex. Code Crim. Proc. Art. 4.04.

To The Court of Criminal Appeals of Texas: Rule 12

Now comes Robert K. Boulds argue and offers into evidence an (Invalid Indictment cause No. 996316 Exhibit "A") objection against the Honorable Judges Keyes, Massengale Lloyd for denying habeas corpus Art. 11.05 for relief and submits this Motion For Leave To File under Tex. R. App Proc. 72.1 respectfully moves this court to grant leave to proceed in this Original Application For Writ of Mandamus Pursuant to Tex. R. App Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04 is inable to pay court cost and initial filing fees is true and correct under the penalty of perjury SEE 28 U.S.C. 1746 for submission for en banc under Tex. R. App Proc. 76 for want of jurisdiction under Tex. Const. Art. 5, Sec. 5 Tex. R. App Proc. 72.1 and Tex. Gov't Code 22.221(A) On request for an injunctive relief to remand. SEE Tex. R. App Proc. 44.2(A) Constitutional Error.

The Relator Boulds respectfully moves the court to grant leave to Proceed in the extraordinary matter and the Application to be tendered contemporaneously with this Motion.

CC:

P. 1 of

## Issue Presented

Ground One: The Court of Appeals, First Dist. Houston, Tx fail to comply with Mandamus Art. 5 Sec. 6 statutory duty to conduct an investigation into Relator's complaint of being Illegally Restrained and Confined "evidentiary hearing requested"

## Statement Of Fact

On Aug. 25, 2015 the Relator Boulds filed a Writ of habeas corpus Art. 11.05. to the Court of Appeals, First Dist. Houston, Tx. argue and offered into evidence an (Invalid Indictment cause No. 996316 Exhibit "A") objection against Keyes, Massengale, Lloyd for failure to comply with Mandamus Art. 5 Sec. 6 statutory duty and not ordering the 176th Dist. Court of Harris County, Tx. to give Facts Findings and Conclusion of Law which would require an evidentiary hearing.

## Prayer

Relator Boulds Prays that this Motion and Application be granted and for the Court of Criminal Appeals to enforce it's Jurisdiction and Order the 176th Dist. Court of Harris County, Tx. to give an Fact Findings and Conclusion of Law concerning Relator's Illegally Restrained and Confined complaint. Amen

## Certificate Of Service

I, Robert K. Boulds # 1311781 do hereby certify that a true and correct copy of the above motion has been forwarded to the following address:

11-15-15
DATE

Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Tx, 78711

Robert K. Boulds # 1311781
Robert K. Boulds # 1311781

CC:

P. 2 of 2

In re Robert K. Boulds
Relator,

VS.

Court of Appeals, First Dist.
Houston, Tx.
Respondent,

Case No. 996316

Court of Appeals Number:
01-15-00654-CR, 01-15-00655-CR

Original Application For Writ of Mandamus
Tex Code Crim. Proc. Ann. Art. 4.04.
Tex. Const. Art. 5, Sec. 5

To The Honorable Court of Criminal Appeals of Texas: Rule 12

Now comes, Relator Robert K. Boulds and ask this Court to issue this Original Writ of Mandamus to the Court of Appeals, First Dist. Harris County, respondents, to order the Criminal Dist. Court No. 176th of Harris County, Tx. to investigate the Relator's habeas corpus Art. 11.05 compliant of being "Illegally Restrained" and confined, and in support of this application would show this Honorable Court the following:

## Case History

Relator, was found guilty by a Jury of the offense of Agg. Sexual Assault of A Child and sentenced to 50 yrs. imprisonment in The Texas Department of Criminal Justice. Relator's conviction was affirmed by the Court of Appeals, First Dist. Houston, Tx, in an unpublished opinion SEE Boulds v. State No. 01-05-00596-CR

CC:

## Jurisdiction

This is an Extraordinary Writ of Mandamus complaint authorized by this Original Application For Writ of Mandamus Pursuant to Tex. R. App. Proc. 72.1, Tex. Code Crim. Proc. Ann. Art. 4.04 is unable to pay cost and initial filing fees is true and correct under the penalty of Perjury. SEE 28 U.S.C. 1746 for submission for en banc under Tex. Const. Art. 5 Sec. 5, Tex. Code Crim. Proc. Ann. Art. 4.04 Sec. 1 Tex. Gov't Code 22.001(A)1.2, 22.002, 22.221(A)(B), 22.225(B)(3)(C)(D) on request for an injunctive relief to remand, SEE Tex. R. App. Proc. 44.2(A) Constitutional Error and for relief.

This Extraordinary Writ of Mandamus is an Order directing a Public official to Perform a duty exacted by law and will not issue to enforce duty that is in any degree debatable. SEE ex rel Wade V. Mays 689 S.W. 2d 898 (Tex. Crim. App. 1985)

## Rule 72 Extraordinary Matter

The Writ of Mandamus is an ancient Common Law remedy; an Original Writ issued by a higher court to command a lower court to perform a Particular duty, which results from the officials station of the party to whom the writ is directed or from the operation of Positive law to do or refrain from doing some act. SEE In re McAfee 53 S.W. 3d 715, 718 (Tex. App. Houston, Tx. 1st Dist. 2001).

## Issue Presented

Ground One: The Court of Appeals, First Dist. Houston, Tx. fail to comply with Mandamus Art. 5 Sec. 6 statutory duty to conduct an investigation into Relator's complaint of being Illegally Restrained and confined

## Statement of Fact

On Aug. 25, 2015 the Relator Bowds filed a Writ of habeas corpus Art. 11.05 to the Court of Appeals, First Dist. Houston, Tx. argued on offered into evidence an (Invalid Indictment cause No. 996316 "Exhibit "A" ) objection against Keyes, Massengale, Lloyd
Justices

CC:

## Statement of Fact

On Aug. 25 ████████ 2015 the Relator Baulds filed a writ of habeas corpus Art. 11.05 to the Court of Appeals, First Dist. Houston, Tx. argued an offered into evidence on (Invalid Indictment cause No. 996316 Exhibit "A") objection against Keyes, Massengale, Lloyd Justices for failure to comply with Mandamus Art. 5 Sec. 6 statutory duty and not ordering the 176th Dist. Court of Harris County, Tx. to give facts findings and Conclusion of law which would require an evidentiary hearing.

I've also filed the same in the 176th Dist. Court of Harris County which the Court never entertain dated July 28, 2015 concerning my "Illeaglly Restrained" and confined this demonstrate an fundamental Miscarriage of Justice from Cruel and Unusal Punishment Art. 1.09 and Tex. Const. Art. 1 & 13 the original appellate Proceeding seeking extraordinary relief is to include the exhibit Compliant of the Original Application for writ of Mandamus Rule 72.1 is attached to this Original habeas corpus Art. 11.05 for the Court of Criminal Appeals to enforce it's Jurisdiction to order the Court of Appeals, First Dist. to order the 176th Dist. Court of Harris County to give a Fact Findings and Conclusion of Law concerning the Invalid Indictment Cause No. 996316 Exhibit "A" Which Contians "NO File Stamp Date, NO TERM DATE, NO Signature from the District Attorney or any assistance District Attorney.

## Prayer

Wherefore, Promises Made, Relator Prays that this Honorable Court grants this Mandamus to compel the District Court of Harris County Dist. Court 176th to give Facts Findings and Conclusion of Law in this Criminal law matter of cruelty, in the name of Justice for Relief. Amen

CC:

## UnSworn Declaration

I, Robert K. Boulds #1311781 being Presently incarcerated in the William P. Clements Unit of The Texas Department of Criminal Justice in Potter County, Texas according to my belief declare under Penalty of Perjury the facts stated in this Application are true and correct under V.T.C.A. Civ. Prac.+ Rem. Code 132.001

11-15-15
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781


## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above Application has been forwarded by the United States mail system Postage Pre-Paid to the following addresses:

Court of Appeals, First Dist.
301 Fannin ST.

Houston, Tx. 77002

Court of Criminal
Appeals of Texas

P.O. Box 12368
Captiol Station

Austin, Tx. 78711

11-15-15
DATE

CC:

Robert K. Boulds #1311781
Robert K. Boulds #1311781

P. 4 of 4